IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SYE NEWTON,** | : | CIVIL ACTION NO. 1:23-CV-1475 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **WARDEN F. GARZA,** | : | |
| Respondent | : | |

## MEMORANDUM

This is a habeas corpus case filed pursuant to 28 U.S.C. § 2241. Petitioner, Sye Newton, who is presently incarcerated in the United States Penitentiary at Canaan, challenges his conviction and sentence in the United States District Court for the Southern District of Texas. We will summarily dismiss the petition for lack of jurisdiction.

**I.     Factual Background & Procedural History**

On November 19, 2021, a jury convicted Newton of bank robbery and brandishing a firearm in furtherance of a crime of violence. United States v. Newton, No. 4:19-CR-816-1 (S.D. Tex.), Doc. 78. The Southern District of Texas sentenced him to a total of 360 months in prison, followed by a supervised release term of 5 years. Id., Doc. 128. Newton appealed to the United States Court of Appeals for the Fifth Circuit. United States v. Newton, No. 22-20375 (5th Cir.). That appeal remains pending. See id. Newton has not challenged his conviction through a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. See Newton, No. 4:19-CR-816-1.

Newton filed the instant petition pursuant to 28 U.S.C. § 2241. (Doc. 1). He seeks relief on the grounds that he is actually and factually innocent of the robbery, he was coerced into admitting to the crime, trial counsel failed to present an alibi defense, and the sentencing court lacked jurisdiction to sentence him. (Id.)

## II. Legal Standard

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254, Rule 4. District courts have the discretion to apply this rule in habeas corpus cases brought under 28 U.S.C. § 2241. 28 U.S.C. § 2254, Rule 1(b).

## III. Discussion

Federal prisoners seeking post-conviction relief from their judgment of conviction, or the sentence imposed are generally required to bring their collateral challenges pursuant to 28 U.S.C. § 2255. See 28 U.S.C. § 2255(e). The Third Circuit Court of Appeals has observed that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 343 (1974)). Section 2255(e), often referred to as the saving clause, specifically prohibits federal courts from entertaining a federal prisoner's collateral challenge by an application for habeas corpus unless the court finds that a section 2255 motion is "inadequate or ineffective." Okereke, 307 F.3d at 120; 28 U.S.C. § 2255(e).

2

To demonstrate that a section 2255 motion is "inadequate or ineffective," the petitioner must show "that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle v. U.S. *ex rel.* Miner, 290 F.3d 536, 538 (3d Cir. 2002) (*per curiam*). Significantly, Section 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of…§ 2255." Id. at 539. "It is the inefficacy of the [section 2255] remedy, not the personal inability to utilize it, that is determinative." Id. at 538.

We find that we lack jurisdiction to consider Newton's petition because he has not shown that section 2255 is inadequate or ineffective to adjudicate his claim such that the matter should be considered pursuant to section 2241. Newton has not presented any argument as to why he may raise his claim pursuant to section 2241. Hence, we will dismiss the case for lack of jurisdiction.

## IV. Conclusion

We will dismiss the petition (Doc. 1) for writ of habeas corpus without prejudice for lack of jurisdiction. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:      September 6, 2023